IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CINDY W.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00131-CMR<br><br>MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff Cindy W. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the record (Certified Administrative Transcript (Tr.), ECF 12–13), the parties' briefs (ECF 18, 27, 28), and arguments presented at a hearing held on February 23, 2024 (ECF 32), the undersigned concludes that the Commissioner's decision is supported by substantial evidence. For the reasons stated on the record at the hearing and as set forth below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 18) and AFFIRMS the decision of the Commissioner.

I.　　BACKGROUND

Plaintiff applied for DIB in June 2018, alleging disability as of February 17, 2015 due to due to seizures, carpal tunnel, neurological damage to neck, and medications (Tr. 63, 170). Following a hearing in March 2020, an ALJ issued an unfavorable decision in May 2020 (Tr. 551–

1

568). Plaintiff appealed that decision, and this court remanded the case in response to Defendant's unopposed motion for voluntary remand (Tr. 165, 580–86).

After a second hearing in April 2022, the ALJ again found that Plaintiff was not disabled (Tr. 500–20, 521–50). The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step two that Plaintiff had severe impairments of convulsive generalized seizure disorder, mild generative disk disease in the cervical spine, bilateral carpal tunnel syndrome, status post bilateral release surgeries, major depressive disorder, generalized anxiety disorder, and alcohol use (Tr. 506). As relevant here, the ALJ specifically found at step three that Plaintiff's seizure disorder did not meet, or equal, Listing 11.02 (Tr. 506). The ALJ then assessed Plaintiff's residual functional capacity (RFC), finding that Plaintiff could perform a limited range of light work, with additional manipulative, postural, environmental, and mental restrictions (Tr. 508–09). *See* 20 C.F.R. § 404.1545(a)(1). At step four, the ALJ found that this RFC would preclude Plaintiff's past relevant work (Tr. 514). At step five, however, the ALJ found that this RFC would allow Plaintiff to perform other work existing in significant numbers in the national economy (Tr. 514; *see* Tr. 542–49 (vocational expert testimony)). The ALJ thus concluded that Plaintiff was not disabled under the Act (Tr. 515). The ALJ's decision denying Plaintiff's application became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review (Tr. 493). 20 C.F.R. § 404.981. This court now has jurisdiction under 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under

the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry, "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

### III.   DISCUSSION

Plaintiff argues that the ALJ erred at step three in finding that Plaintiff's seizures do not meeting the criteria for Listing 11.02 (Epilepsy). 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02. For a claimant to show that her impairment meets a listing, it must meet all the specified medical criteria. "An impairment that manifests only some of [the] criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 525, 530 (1990). An "impairment[] is medically equivalent to a listed impairment…if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526a. It is Plaintiff's burden to point to specific medical evidence that supports each of the various criteria of a listing. *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007).

Plaintiff argues that the ALJ failed to consider that two physicians, Dr. Williams and Dr. Head, who diagnosed her with epilepsy and noted that she had seizures one to five times per month over a three-month period. However, as argued by Defendant, these doctors primarily relied on Plaintiff's subjective reports, and their treatment notes do not reflect seizures at the frequency alleged. Rather, during the relevant period, Plaintiff reported very few seizures during her routine medical appointments (*see e.g.*, Tr. 409, 414, 477, 479, 485, 487). While Plaintiff intermittently

3

mentioned having recurrent seizures (Tr. 409, 414, 487), she also made statements that she had not had a seizure in "a number of months" (Tr. 487) or she did not mention seizure activity at all (Tr. 479, 485). Plaintiff argues that it is impractical and contrary to common sense to be able to report every seizure, but the fact is that the medical records, as addressed by the ALJ, is what is evaluated. It is clear that the ALJ considered the medical records and Plaintiff's subjective complaints. Plaintiff fails to point to medical evidence that shows she meets the medical requirements of Listing 11.02. Plaintiff's subjective reports alone are insufficient. As this court has recognized, "[i]t is Plaintiff's burden to point to specific medical evidence definitively establishing that her impairments met or medically equaled a listing." *Brandee C. v. Kijakazi*, No. 1:20-cv-00129-CMR, 2022 WL 875942, at *2 (D. Utah March 23, 2022). Plaintiff has failed to meet that burden in this case.

The ALJ considered the correct Listing, referenced the medical records from Dr. Head and Dr. Williams, evaluated those records against other evidence of record, and reasonably concluded that the overall evidence of record did not support Plaintiff's allegations of seizures at the severity and frequency alleged. The court therefore finds that substantial evidence supports the ALJ's finding that Plaintiff did not meet, or medically equal, Listing 11.02.[1]

### IV. CONCLUSION

The ALJ complied with the applicable regulatory framework and his decision is supported by substantial evidence. There is therefore no reversible error, and the ALJ's decision is

---

[1] In the Response Brief, Defendant suggests that Plaintiff may be asserting an additional argument that she was unable to work (ECF 27 at 14–16). To the extent that Plaintiff is asserting additional arguments regarding the ALJ's decision, the court finds that these arguments were inadequately briefed and therefore waived. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [Plaintiff's] contentions that have been adequately briefed for our review.").

4

AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 19 March 2024.

*[signature: Cecilia M. Romero]*
Magistrate Judge Cecilia M. Romero
United States District court for the District of Utah